UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                          No.  21 CR 187 (LTS)

NATANAEL PELLOT,

        Defendant.

-------------------------------------------------------x

## Order

The Court has received the Government's letter-motion seeking the entry of a protective order (docket entry no. 16) including a provision providing that material designated "Category II Disclosure Material" shall remain in the sole possession of defense counsel, and shall only be disclosed to the Defendant in the physical or virtual presence of his counsel. Defendant generally consents to the entry of the proposed protective order, but objects to the inclusion of the "Category II" provision as unwarranted and unduly burdensome. The Court has considered carefully the parties' submissions,[1] and, for the following reasons, the Government's letter-motion is granted.

Pursuant to Federal Rule of Criminal Procedure 16, "[a]t any time the court may, for good cause . . . restrict . . . discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). Among the considerations to be taken into account in imposing such a restriction are "the safety of witnesses and others, a particular danger or perjury or witness intimidation." Fed. R. Crim. P. 16, advisory committee's note to 1966 amendment. "On this

---

[1] The Government submitted a reply in support of its letter-motion ex parte and under seal. (See docket entry no. 18.)  For the reasons proffered in that ex parte reply, including the need to protect the identities and personal information of confidential sources, the Court will file that submission ex parte and under seal.

authority, courts commonly approve of redactions of Rule 16 material or similar means of protecting witness identity." United States v. Urena, 989 F. Supp. 2d 253, 262 (S.D.N.Y. 2013) (collecting cases).

In this case, the Government's requested restriction will not prevent the Defendant from learning "identities and personal information of confidential sources" (docket entry no. 16 at 2, 3), because the Defendant will be permitted to view the "Category II"-designated materials (which consist principally of eight or nine hours of video) in the physical or virtual presence of counsel. Rather, the restriction aims to minimize any risk of the Defendant "maintain[ing], retain[ing], or mak[ing] copies" of "Category II" information—a prohibition which would necessarily encompass any recording or imaging of material shared with the Defendant via remote means—and sharing such material with other third parties, such as the Defendant's alleged coconspirators. Such potential disclosure could in turn reveal not only the identities of confidential sources but also the specifics of their roles in the Government's investigation, as well as "hard evidence" on which third parties might rely in taking action against those sources. Accord United States v. Ramirez, No. 21-CR-41 (AJN), 2021 WL 914457, at *1 (S.D.N.Y. Mar. 10, 2021) ("Among other things, Defendants' possession of these materials—which include recordings that would confirm the identification of these individuals and establish their relationship to law enforcement—would enervate the risk that the materials would be used to identify these individuals and establish their relationship to law enforcement, that the materials could inadvertently be misplaced, and that the materials could be intentionally circulated to others.").

The Court concludes—based on the Government's public filings as well as its ex parte reply submission—that the potential mitigation of danger to confidential sources provided

by the proposed protective order's "Category II" provision constitutes good cause sufficient to warrant entry of the proposed protective order as drafted. The Court also concludes that this good cause is not outweighed by the burden on Defendant and defense counsel resulting from the "Category II" provision (see docket entry no. 17 at 1-2), in light of the volume of materials at issue, the option to share such material through virtual means via video calls between client and counsel (see id. at 2 n.3), and the duration of time until the Court's next pretrial conference on March 29, 2022.

Defense counsel is reminded to thoroughly review all of the restrictions imposed by the protective order, including the prohibition on copying any "Category II" material, with the Defendant prior to sharing any material governed by the protective order.

The Court will enter the Government's proposed protective order via separate order, and will file the Government's ex parte letter submission dated January 18, 2022, ex parte and under seal.

This Order resolves docket entry no. 16.

SO ORDERED.

Dated: New York, New York
January 19, 2022

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge